**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
  severett@everettdorey.com
Samantha E. Dorey, SBN 281006
  sdorey@everettdorey.com
Christopher D. Lee, SBN
  clee@everettdorey.com
18300 Von Karman Avenue, Suite 900
Irvine, California 92612
Phone: 949-771-9233
Fax: 949-377-3110

GARY A. SHEATZ, CITY ATTORNEY, SBN 171753
gsheatz@cityoforange.org
CITY OF ORANGE
300 East Chapman Avenue
Orange, California 92866
(714) 744-5580

Attorneys for Specially-Appearing
Unserved Defendant CITY OF ORANGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARY'S KITCHEN, RICHARD HANCOX, LISA POLLARD, HORACIO AGUILAR, TODD CHRISTOPHER, DON TERRY, STARLA ACOSTA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF ORANGE,<br><br>　　　　　Defendant. | **Case No. 8:21-cv-01483-DOC-JDE**<br>Assigned to the Hon. David O. Carter<br><br>**SPECIALLY-APPEARING UNSERVED DEFENDANT CITY OF ORANGE'S OBJECTIONS TO PLAINTIFFS' COMPENDIUM OF EXHIBITS AND EVIDENCE IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPRORARY RESTRAINING ODER**<br><br>*[Filed Concurrently with Declaration of Bonnie Hagan; Declaration of Dan Adams; and Opposition to Plaintiffs'* Ex Parte *Application For a Temporary Restraining Order]* |

4848-5469-0299.1

-1-　　　　　　　8:21-cv-01483-DOC-JDE
DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF
*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

Specially-Appearing Unserved Defendant, City of Orange, (hereinafter, Defendant) submits the following objections to Plaintiffs' evidence offered in support of its *Ex Parte* Application for a Temporary Restraining Order:

## **OBJECTIONS TO PLAINTIFFS' COMPENDIUM OF EXHIBITS AND EVIDENCE IN SUPPORT OF *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER:**

## **SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 1:**

Defendant objects to Plaintiffs' Exhibit 1-1 the "Excerpt of City Report to HUD" and 1-2 the "Excerpt of City CEQA Determination to HUD on Neighbor Property" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit. Fed. R. Evid. 901. Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means. Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility. Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be. Thanongsinh v. Board of Educ., 462 F.3d 762, 777 (7th Cir. 2006); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002). Mere attachment to a declaration does not automatically make [exhibits] admissible evidence. Orr, 285 F.3d at 777. Likewise, a writing is not authenticated simply by attaching it to an affidavit. Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988). See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in

1  determining the action.  Fed R. Evid. 401, 402.  Objection, even if the exhibit were
2  relevant, its probative value would be substantially outweighed by the danger of
3  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting
4  time, or needlessly presenting cumulative evidence.  Fed R. Evid. 403.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 2:**

Defendant objects to Plaintiffs' Exhibit 2 the "Excerpt of City of Orange 5th Cycle Housing Element as approved by California" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit.  Fed. R. Evid. 901.  Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means.  Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility.  Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).  A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be.  Thanongsinh v. Board of Educ., 462 F.3d 762, 777 (7th Cir. 2006); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002).  Mere attachment to a declaration does not automatically make [exhibits] admissible evidence.  Orr, 285 F.3d at 777.  Likewise, a writing is not authenticated simply by attaching it to an affidavit.  Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988).  See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in determining the action.  Fed R. Evid. 401, 402.  Objection, even if the exhibit were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or needlessly presenting cumulative evidence.  Fed R. Evid. 403.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 3:**

Defendant objects to Plaintiffs' Exhibit 3-1 through 3-5 the "2019 Lease, 2014 Lease, 2010 Lease, 2004 Draft Lease, and 1995 Extension of 1993 Lease" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit.  Fed. R. Evid. 901.  Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means.  Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility.  Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).  A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be.  Thanongsinh v. Board of Educ., 462 F.3d 762, 777 (7th Cir. 2006); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002).  Mere attachment to a declaration does not automatically make [exhibits] admissible evidence.  Orr, 285 F.3d at 777.  Likewise, a writing is not authenticated simply by attaching it to an affidavit.  Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988).  See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in determining the action.  Fed R. Evid. 401, 402.  Objection, even if the exhibit were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed R. Evid. 403.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 4:**

Defendant objects to Plaintiffs' Exhibit 4 "2021 Termination Letter from City" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit.  Fed. R. Evid. 901.  Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means.  Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility.  Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).  A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be.  Thanongsinh v. Board of Educ., 462 F.3d 762, 777 (7th Cir. 2006); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002).  Mere attachment to a declaration does not automatically make [exhibits] admissible evidence.  Orr, 285 F.3d at 777.  Likewise, a writing is not authenticated simply by attaching it to an affidavit.  Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988).  See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of registration statement insufficient authentication).

**SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 5:**

Defendant objects to Plaintiffs' Exhibit 5 "2020 Notice of Violation from City" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit.  Fed. R. Evid. 901.  Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means.  Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility.  Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).  A party offering

1  documentary evidence may establish its foundation by attaching an affidavit by
2  custodian of records or anyone qualified to speak from personal knowledge that the
3  documents are what they purport to be.  Thanongsinh v. Board of Educ., 462 F.3d
4  762, 777 (7th Cir. 2006); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th
5  Cir. 2002).  Mere attachment to a declaration does not automatically make [exhibits]
6  admissible evidence.  Orr, 285 F.3d at 777.  Likewise, a writing is not authenticated
7  simply by attaching it to an affidavit.  Beyene v. Coleman Security Services, Inc.,
8  854 F.2d 1179, 1182 (9th Cir. 1988).  See also Hal Roach Studios, Inc. v. Richard
9  Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of
10 registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in determining the action.  Fed R. Evid. 401, 402.  Objection, even if the exhibit were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed R. Evid. 403.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 6:**

Defendant objects to Plaintiffs' Exhibit 6 "Orange County Equity Map" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit.  Fed. R. Evid. 901.  Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means.  Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility.  Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).  A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be.  Thanongsinh v. Board of Educ., 462 F.3d

762, 777 (7th Cir. 2006); <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 778 (9th Cir. 2002). Mere attachment to a declaration does not automatically make [exhibits] admissible evidence. <u>Orr</u>, 285 F.3d at 777. Likewise, a writing is not authenticated simply by attaching it to an affidavit. <u>Beyene v. Coleman Security Services, Inc.</u>, 854 F.2d 1179, 1182 (9th Cir. 1988). See also <u>Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in determining the action. Fed R. Evid. 401, 402. Objection, even if the exhibit were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed R. Evid. 403.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 7:**

Defendant objects to Plaintiffs' Exhibit 7-1 through 7-8 "letters of need" from various organizations and persons as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit. Fed. R. Evid. 901. Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means. Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility. <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 773 (9th Cir. 2002). A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be. <u>Thanongsinh v. Board of Educ.</u>, 462 F.3d 762, 777 (7th Cir. 2006); <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 778 (9th Cir. 2002). Mere attachment to a declaration does not automatically make [exhibits] admissible evidence. <u>Orr</u>, 285 F.3d at 777. Likewise, a writing is not authenticated

simply by attaching it to an affidavit. <u>Beyene v. Coleman Security Services, Inc.</u>, 854 F.2d 1179, 1182 (9th Cir. 1988). See also <u>Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in determining the action. Fed R. Evid. 401, 402. Objection, even if the exhibit were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed R. Evid. 403.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 8:**

Defendant objects to Plaintiffs' Exhibit 8 "Orange County Council Staff report in support of 2019 lease renewal" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit. Fed. R. Evid. 901. Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means. Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility. <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 773 (9th Cir. 2002). A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be. <u>Thanongsinh v. Board of Educ.</u>, 462 F.3d 762, 777 (7th Cir. 2006); <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 778 (9th Cir. 2002). Mere attachment to a declaration does not automatically make [exhibits] admissible evidence. <u>Orr</u>, 285 F.3d at 777. Likewise, a writing is not authenticated simply by attaching it to an affidavit. <u>Beyene v. Coleman Security Services, Inc.</u>, 854 F.2d 1179, 1182 (9th Cir. 1988). See also <u>Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of

registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in determining the action. Fed R. Evid. 401, 402. Objection, even if the exhibit were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed R. Evid. 403.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 9:**

Defendant objects to Plaintiffs' Exhibit 9 "Communication from Plaintiff requesting update on Navigation Center proposal" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit. Fed. R. Evid. 901. Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means. Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility. Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be. Thanongsinh v. Board of Educ., 462 F.3d 762, 777 (7th Cir. 2006); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002). Mere attachment to a declaration does not automatically make [exhibits] admissible evidence. Orr, 285 F.3d at 777. Likewise, a writing is not authenticated simply by attaching it to an affidavit. Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988). See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in

1  determining the action. Fed R. Evid. 401, 402. Objection, even if the exhibit were
2  relevant, its probative value would be substantially outweighed by the danger of
3  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting
4  time, or needlessly presenting cumulative evidence. Fed R. Evid. 403.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 10:**

Defendant objects to Plaintiffs' Exhibit 10 "September communication with City of Orange in attempt to resolve dispute" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit. Fed. R. Evid. 901. Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means. Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility. Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be. Thanongsinh v. Board of Educ., 462 F.3d 762, 777 (7th Cir. 2006); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002). Mere attachment to a declaration does not automatically make [exhibits] admissible evidence. Orr, 285 F.3d at 777. Likewise, a writing is not authenticated simply by attaching it to an affidavit. Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988). See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in determining the action. Fed R. Evid. 401, 402. Objection, even if the exhibit were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

1   time, or needlessly presenting cumulative evidence.  Fed R. Evid. 403.

2   **SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 11:**

3   Defendant objects to Plaintiffs' Exhibit 11 "2021.09.10 Letter from ACLU SoCal and ELDR Center to Orange City Council re Mary's Kitchen Brown Act" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit.  Fed. R. Evid. 901.  Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means.  Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility.  Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).  A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be.  Thanongsinh v. Board of Educ., 462 F.3d 762, 777 (7th Cir. 2006); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002).  Mere attachment to a declaration does not automatically make [exhibits] admissible evidence.  Orr, 285 F.3d at 777.  Likewise, a writing is not authenticated simply by attaching it to an affidavit.  Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988).  See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in determining the action.  Fed R. Evid. 401, 402.  Objection, even if the exhibit were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed R. Evid. 403.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 12:**

Defendant objects to Plaintiffs' Exhibit 12 "City Response re Brown Act" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit. Fed. R. Evid. 901. Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means. Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility. Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be. Thanongsinh v. Board of Educ., 462 F.3d 762, 777 (7th Cir. 2006); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002). Mere attachment to a declaration does not automatically make [exhibits] admissible evidence. Orr, 285 F.3d at 777. Likewise, a writing is not authenticated simply by attaching it to an affidavit. Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988). See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in determining the action. Fed R. Evid. 401, 402. Objection, even if the exhibit were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed R. Evid. 403.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 13:**

Defendant objects to Plaintiffs' Exhibit 13-1 "City Description of Resources before Sept listing police and Mary's," Exhibit 13-2 "City Website of Services

before September," and 13-3 "Second City Website of Services before September" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit. Fed. R. Evid. 901. Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means. Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility. Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be. Thanongsinh v. Board of Educ., 462 F.3d 762, 777 (7th Cir. 2006); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002). Mere attachment to a declaration does not automatically make [exhibits] admissible evidence. Orr, 285 F.3d at 777. Likewise, a writing is not authenticated simply by attaching it to an affidavit. Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988). See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in determining the action. Fed R. Evid. 401, 402. Objection, even if the exhibit were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed R. Evid. 403.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT NO. 14:**

Defendant objects to Plaintiffs' Exhibit 14 "Excerpt of Sheriff Coroner Annual Report 2020" as Plaintiffs have failed to lay any foundation or provide any authentication of the documents contained in the Exhibit. Fed. R. Evid. 901.

Plaintiffs' failed to authenticate or lay the foundation for any documents in Plaintiffs' Exhibit through a request for judicial notice, declaration, affidavit, or any other means.  Fed. R. Evid. 902.

Proper authentication of exhibits is a requisite for their admissibility.  Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).  A party offering documentary evidence may establish its foundation by attaching an affidavit by custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be.  Thanongsinh v. Board of Educ., 462 F.3d 762, 777 (7th Cir. 2006); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002).  Mere attachment to a declaration does not automatically make [exhibits] admissible evidence.  Orr, 285 F.3d at 777.  Likewise, a writing is not authenticated simply by attaching it to an affidavit.  Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988).  See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of registration statement insufficient authentication).

Objection, the exhibit is irrelevant to the subject matter of this action as it has no tendency to make a fact more or less probable and is not of consequence in determining the action.  Fed R. Evid. 401, 402.  Objection, even if the exhibit were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed R. Evid. 403.

DATED:  September 16, 2021              EVERETT DOREY LLP

By: _____
Seymour B. Everett, III
Samantha E. Dorey
Christopher D. Lee
Attorneys for Specially-Appearing
Unserved Defendant CITY OF ORANGE

File No. 1052-03

# PROOF OF SERVICE

**Mary's Kitchen v. City of Orange**
**Case No. 8:21-CV-01483-JVS (JDE)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18300 Von Karman Avenue, Suite 900, Irvine, CA 92612.

On September 16, 2021, I served true copies of the following document(s) described as:

**SPECIALLY-APPEARING UNSERVED DEFENDANT CITY OF ORANGE'S OBJECTIONS TO PLAINTIFFS' COMPENDIUM OF EXHIBITS AND EVIDENCE IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPRORARY RESTRAINING ODER**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 16, 2021, at Irvine, California.

                                                /s/ Kristal N. Mauro
                                                Kristal N. Mauro

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233   ◆FAX 949-377-3110

4848-5469-0299.1

-1-   8:21-cv-01483-DOC-JDE

DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

File No. 1052-03

# SERVICE LIST
## Mary's Kitchen v. City of Orange
## Case No. 8:21-CV-01483-JVS (JDE)

Brooke Weitzman *Attorney for Plaintiffs*
Benjamin Davis
Elder Law and Disability Rights Center
1535 E 17th Street, Suite 110
Santa Ana, CA 92705
Phone: 714-617-5353
bweitzman@eldrcenter.org
bdavis@eldrcenter.org

Carol A. Sobel
Law Office of Carol Sobel
1158 26th Street, #552
Santa Monica, CA 90403
Phone: 310-393-3055
carolsobellaw@gmail.com

John P. Given
2309 Santa Monica Boulevard, #438
Santa Monica, CA 90404
Phone: 310 471-8485
john@johngivenlaw.com

Paul Hoffman
John Washington
9415 Culver Blvd., #115
Culver City, CA 90232
Phone: 310-396-0731
hoffpaul@aol.com

4848-5469-0299.1

-2-   8:21-cv-01483-DOC-JDE

DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EXHIBITS IN SUPPORT OF
*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER