Brooke Weitzman SBN 301037
Benjamin Davis SBN 311409
Elder Law & Disability Rights Center
1535 E 17th Street, Suite 110
Santa Ana, CA 92705
714-617-5353
bweitzman@eldrcenter.org
bdavis@eldrcenter.org

Carol A. Sobel SBN 84483
Law Office of Carol Sobel
1158 26th Street, $552
Santa Monica, CA 90403
310-393-3055
carolsobellaw@gmail.com

John P. Given SBN 269787
2461 Santa Monica Blvd, #438
Santa Monica, CA 90404
310 471-8485
john@johngivenlaw.com

Paul Hoffman SBN 71244
John Washington SBN 315991
9415 Culver Bl, vd., #115
Culver City, CA 90232
Los Angeles, CA 90064
310-396-0731
hoffpaul@aol.com
jwashington@gmail.com

Attorneys For Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MARY'S KITCHEN, RICHARD HANCOX, LISA POLLARD, HORACIO AGUILAR, TODD CHRISTOPHER, DON TERRY, STARLA ACOSTA<br><br>   Plaintiffs,<br><br>vs.<br><br>CITY OF ORANGE<br><br>   Defendant | CASE:  8:21-cv-01483 DOC JDE<br><br>**OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**<br><br>DATE:  MARCH 14, 2022<br>TIME:  8:30 A.M.<br>CTRM: 9C  HON. DAVID O. CARTER |

## I. Introduction

Plaintiffs request that the Court deny Defendant's Request for Judicial Notice filed in support of the City's Motion to Dismiss. The City improperly offers these documents to dispute the facts alleged in Plaintiffs' Complaint. On a 12(b)(6) motion, the Court must take Plaintiffs' facts as true. The documents presented by Defendant are not relevant to the Motion to Dismiss as they do not counter the facial plausibility of Plaintiffs' claims. The question is not simply whether these documents can ever be taken with Judicial Notice but, whether it is appropriate in this Motion to Dismiss. Accordingly, Defendant's Request for Judicial Notice must be denied it in its entirety.

## II. Legal Standard

Federal Rule of Evidence 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

Factual challenges generally are not considered under Rule 12(b)(6), so, the Court may not consider documents beyond the pleadings in ruling on the motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).

Three exceptions to this rule do not result in converting the motion to dismiss into a motion for summary judgment. *Lee*, 250 F.3d at 688. First, Federal Rule of Evidence 201(b) allows the Court to take judicial notice of matters of public record; however, the Court "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citing *Lee*, 250 F.3d at 689).

Second, the Court may take judicial notice of documents attached to or "properly submitted as part of the complaint." *Lee*, 250 F.3d at 688. There are no such documents here.

Third, if the documents are "not physically attached to the complaint," they may still be considered by the Court if their "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint. *Id.*; *see also United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and may not be incorporated by reference and judicially noticed. *Khoja*, 899 F.3d at 1002.

"Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja,* 899 F.3d at 998. Deciding "the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* at 999. Based on the foregoing cases, the Request for Judicial Notice should be denied.

### III. Request for Judicial Notice of the Preliminary Injunction is Improper

The City requests Judicial Notice of the Preliminary Injunction. The Preliminary Injunction weighs factors and evidence presented outside the complaint based on a likelihood of success and irreparable harm. It is not part of the complaint, nor is it evidence in the complaint. It is an extreme and preliminary

measure to avoid irreparable harm pending litigation and before discovery is conducted. The preliminary injunction may not be offered at the Motion to Dismiss stage for the truth of the matters set out in the Court's order.

### IV. Request for Judicial Notice of the "License Agreement" is Improper

Next, the City requests notice of the land-use agreement. While it may be judicially noticed for its simple existence as a government document, or the date it was signed, the "material" facts are still the subject of dispute to be investigated, expanded, or eliminated depending upon evidence produced through discovery. The First Amended Complaint alleges actions taken by the city, and statements made by the City outside the four corners of the document. The First Amended Complaint also alleges in detail the way in which state and federal statutory and constitutional law limit any contract. It is improper to accept a disputed contract term as fact in a motion to dismiss. Therefore, the Court should either decline to take judicial notice of the entire document, or limit the introduction of the document as "evidence" for the purpose of confirming that it exists and confirming the date it was signed.

### V. Request for Judicial Notice of the Municipal Code §2.16.010, 2.16.020, and 3.08.095 is Improper

Plaintiffs do not object to the Court taking judicial notice of the Municipal Code as both sides rely on the Municipal Code provisions. However, as Plaintiffs set forth in the First Amended Complaint and in their Opposition to the Motion to Dismiss, the Municipal Code is, in part, unconstitutional and, in whole, limited in application by principles of statutory construction, as well as state and federal law under the Supremacy Doctrine.

### VI. Request for Judicial Notice of Municipal Code §17.13.030 is for Irrelevant Purpose

The City requests Judicial Notice of the zoning ordinance. This is not relevant. The First Amended Complaint details allegations related to zoning, however, the allegations are based on the availability of property and the City's actions complying with state law. They are not based on the specific zoning of a particular piece of property.  No matter what the City's Zoning Ordinance says, the City is subject to state law that defines permissible zoning. Therefore, this code is not a relevant consideration for a motion to dismiss.

### VII. The Request for Judicial Notice of the City Zoning Map Should Be Denied As Improper and Because the Document Filed is Incomplete

The City provides an incomplete copy of the City Zoning chart. While again, its existence it undisputed, its relevance is disputed. The City suggests the Court should take its zoning map as determinative. The First Amended Complaint details allegations related to zoning; however, the allegations are based on the availability of property and the City actions complying with state law. They are not based on the specific zoning of a particular piece of property.  The map does not impact allegations in the First Amended Complaint that the City's zoning is insufficient and that both the map, and the City's actions, violate state law. The specific map has no impact on the allegations in the First Amended Complaint. It was not within the complaint and is not properly considered at this stage of litigation.

### VIII. Request for Judicial Notice of Municipal Code 17.04.027 and 17.13.040 is Improper

The City presents these municipal codes similarly for the proposition that they somehow require a determination that the allegations in the First Amended

Complaint do not and cannot state a facially plausible claim for relief.  Plaintiffs expressly allege that the City's actions and the municipal code violate state housing law.  While the Court may notice them for their existence, they are not admissible or determinative of the validity of Plaintiffs' claims on this point.

### IX.  Conclusion

The Request for Judicial Notice improperly asks the Court to accept Defendant's municipal laws as conclusive factual evidence that Plaintiffs cannot state any plausible claims for relief.  As discussed throughout Plaintiffs' Opposition to the Motion to Dismiss, Defendant's local laws are subject to – and, ultimately, invalidated by – state and federal constitutional and statutory laws that constrain illegal actions by local officials. Other than to note the existence of an official City document, the Request for Judicial Notice should be denied.

Dated: February 14, 2022           Respectfully submitted,

                                                       ELDER LAW & DISABILITY RIGHT CENTER

                                                        /s/  Brooke A. Weitzman
                                                       BY: BROOKE A. WEITZMAN
                                                       Attorneys for Plaintiffs