**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
  severett@everettdorey.com
Samantha E. Dorey, SBN 281006
  sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
  clee@everettdorey.com
18300 Von Karman Avenue, Suite 900
Irvine, California 92612
Phone: 949-771-9233
Fax: 949-377-3110

GARY A. SHEATZ, CITY ATTORNEY, SBN 171753
gsheatz@cityoforange.org
CITY OF ORANGE
300 East Chapman Avenue
Orange, California 92866
(714) 744-5580

Attorneys for Defendant CITY OF ORANGE

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARY'S KITCHEN, RICHARD HANCOX, LISA POLLARD, HORACIO AGUILAR, TODD CHRISTOPHER, DON TERRY, and STARLA ACOSTA,<br><br>              Plaintiff,<br><br>       vs.<br><br>CITY OF ORANGE,<br><br>              Defendant. | Case No. **8:21-cv-01483-DOC (JDE)**<br><u>Assigned to the Hon. David O. Carter</u><br><br>**DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hearing Date:    March 14, 2022<br>Time:               8:30 a.m.<br>Courtroom.:      9C |

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..................................................................................... 7

II.     PLAINTIFFS' THIRD CLAIM FOR STATE CREATED DANGER
        FAILS ....................................................................................................... 8

        A.    There Is No Obvious, Nonspeculative, Particularized Danger .............. 8

        B.    The Availability Of Alternative Services Renders The Claim
              Invalid ................................................................................................. 10

        C.    The Claim Is Improperly Based On Danger To A Broad Class ........... 11

        D.    Plaintiffs Cannot Allege Deliberate Indifference And Dismissal
              Is Appropriate .................................................................................... 12

III.    PLAINTIFFS' DUE PROCESS CLAIMS FAIL ................................. 13

IV.     PLAINTIFFS' EQUAL PROTECTION CLAIMS FAIL .................... 13

V.      PLAINTIFFS' "UNCONSTITUTIONAL CONDITIONS 42 U.S.C. §
        1983 DUE PROCESS AND EQUAL PROTECTION" CLAIM FAILS ....... 17

VI.     PLAINTIFFS' SHELTER/SB2/HOUSING ELEMENT CLAIM FAILS ...... 19

VII.    PLAINTIFFS' ULTRA VIRES CLAIMS ARE INCORRECT .................... 20

VIII.   PLAINTIFFS' CEQA CLAIMS FAIL ................................................. 21

IX.     PLAINTIFFS' ADA CLAIMS FAIL .................................................... 22

        A.    Plaintiffs Fail To Adequately Allege Disability .................................. 22

        B.    The Termination Of The License Agreement Was Not Solely
              Because Of Disability ......................................................................... 24

X.      PLAINTIFFS' LOITERING CLAIMS FAIL ...................................... 24

XI.     MARY'S KITCHEN'S CIVIL CODE § 52.1 CLAIM FAILS ...................... 25

XII.    PLAINTIFFS' CIVIL CODE § 52.1 CLAIM IS BARRED .......................... 25

XIII.   PLAINTIFFS' DISPARATE IMPACT ELEVENTH CLAIM FAILS .......... 27

XIV.    PLAINTIFFS' OPPOSITION TO THE REQUEST FOR JUDICIAL
        NOTICE FAILS .................................................................................... 29

XV.     CONCLUSION ..................................................................................... 30

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## **TABLE OF AUTHORITIES**

2
                                                                          **Page**

3

4  **CASES**

5  A.P. v. Cty. of Sacramento, 2017 U.S. Dist. LEXIS 62769, at *17 (E.D. Cal.
       Apr. 25, 2017).................................................................................................15
6
7  Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 367, 121 S. Ct. 955, 148
       L. Ed. 2d 866 (2001) ......................................................................................15

8  Bingham v. Holder, 637 F.3d 1040, 1045-46 (9th Cir. 2011)...................................18

9  Bologna v. City & Cty. of S.F., 2009 U.S. Dist. LEXIS 69985, at *16-18
10     (N.D. Cal. Aug. 11, 2009) ..............................................................................12

   Box v. Planned Parenthood of Ind. & Ky., Inc., 139 S. Ct. 1780, 1782 (2019)........16
11
   Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994) ................................................30
12
13  Bullington v. Bedford Cty., 905 F.3d 467, 477 (6th Cir. 2018)...............................15

14  Cederberg v. Wash. Cty. Consol. Communs. Agency, 2019 U.S. Dist. LEXIS
       112993, at *19-26 (D. Or. July 8, 2019) .......................................................13
15  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 442-43, 105 S. Ct.
       3249, 87 L. Ed. 2d 313 (1985) ......................................................................15
16
17  Dotson v. Funderburg, 2016 U.S. Dist. LEXIS 76139, at *13-15 (D. Idaho
       June 10, 2016) ................................................................................................12

18  Engine Mfrs. Ass'n v. South Coast Air Quality Mgmt. Dist., 498 F.3d 1031,
       1039 n.2 (9th Cir. 2007) ................................................................................30
19
20  Estate of Amos v. City of Page, 257 F.3d 1086, 1091-92 (9th Cir. 2001)...............13

21  Gregory v. Ashcroft, 501 U.S. 452, 471 (1991) .......................................................16

22  Heller v. Doe, 509 U.S. 312, 320 (1993)..................................................................16

23  Hernandez v. City of San Jose, 897 F.3d 1125, 1135 (9th Cir. 2018) .....................13

24  Herrera v. L.A. Unified Sch. Dist., 2021 U.S. App. LEXIS 35828, at *18 (9th
       Cir. Dec. 1, 2021) ..........................................................................................10
25  Hibbs v. Dep't of Human Res., 273 F.3d 844, 855 (9th Cir. 2001)..........................15

26  Hotop v. City of San Jose, 982 F.3d 710, 718-19 (9th Cir. 2020) ...........................18

27  Johnson v. City of Seattle, 474 F.3d 634, 639 (9th Cir. 2007).................................12

28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

Jones v. Matsumoto, 2011 U.S. Dist. LEXIS 94882, at *11 (C.D. Cal. Aug. 23, 2011)......................................................................................................16

Ketchum v. County of Alameda, 811 F.2d 1243 (9th Cir. 1987)............................12

Landin v. Visalia Unified Sch. Dist., 2019 U.S. Dist. LEXIS 170603, at *9 (E.D. Cal. Sep. 30, 2019); ......................................................................13

Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001)...............................30

Lewis v. City of Fairfield, 2020 U.S. Dist. LEXIS 107236, *9 (E.D. Cal. June 18, 2020)......................................................................................................16

Lozada v. City and County of San Francisco, 145 Cal.App.4th 1139 (2006............25

Marks v. Colo. Dep't of Corr., 976 F.3d 1087, 1098 (10th Cir. 2020).....................15

Marrazzo v. Leavitt, 719 F.Supp.2d 1297, 1309-10 (D. Or. 2010)..........................23

Meyers v. City of Fresno, 2011 U.S. Dist. LEXIS 31209, at *16-18 (E.D. Cal. 2011)...........................................................................................................25

Morimoto v. Whitley, 2018 U.S. Dist. LEXIS 185339, at *16-17 (D. Nev. Oct. 30, 2018)............................................................................................10, 13

Munger v. City of Glasgow Police Dep't, 227 F.3d 1082, 1086-87 (9th Cir.

Nails v. Haid, 2013 U.S. Dist. LEXIS 133008, at *9-10 (C.D. Cal. Sep. 17, 2013)...........................................................................................................16

Navarro v. City of Mt. View, 2021 U.S. Dist. LEXIS 217101, *16 (N.D. Cal. 2021)...........................................................................................................12

Newcomb v. Brennan, 558 F.2d 825, 829 (7th Cir. 1977), cert. denied, 434 U.S. 968 (1977) .........................................................................................30

Owen v. City of Hemet, 2020 U.S. Dist. LEXIS 158738, at *18 (C.D. Cal. June 22, 2020) .........................................................................................15

Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998) .................................30

Patel v. Kent Sch. Dist., 648 F.3d 965, 974 (9th Cir. 2011) ...................................13

Payan v. L.A. Cmty. Coll. Dist., 2021 U.S. App. LEXIS 25324, at *19 (9th Cir. Aug. 24, 2021)...................................................................................15

Pottenger v. Potlatch Corp., (2003) 329 F.3d 740...................................................28

Powell v. Basto, 2020 U.S. Dist. LEXIS 78123, at *15 (S.D. Cal. May 4, 2020)...........................................................................................................15

S. Bay Senior Hous. Corp. v. City of Hawthorne, 56 Cal.App.4th 1231, 1235-36 (1997) ........................................................................................21

Sanchez v. City of Fresno, 914 F.Supp.2d 1079, 1112 (E.D. Cal. 2012) ...............16

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Schmidt v. Hoover, 2009 U.S. Dist. LEXIS 37555, at *7-8 (N.D. Cal. 2009) .........12

Sinclair v. City of Seattle, 2021 U.S. Dist. LEXIS 210792, at *3-7 (W.D.
    Wash. Nov. 1, 2021)....................................................................................12

Strain v. Bowyer, 2021 U.S. Dist. LEXIS 155117, at *4 (E.D. Cal. Aug. 16,
    2021)...........................................................................................................13

Stuart v. Vilsack, 2016 U.S. Dist. LEXIS 162778, at *12-13 (E.D. Wash.
    Nov. 23, 2016)............................................................................................23

Tollis, Inc. v. County of San Diego, 505 F.3d 935, 938 n.1 (9th Cir. 2007) ...........30

Warehousemen's Union, Local 32 v. Pac. Maritime Ass'n, 773 F.2d 1012,
    1020-21 (9th Cir. 1985)................................................................................8

Williams v. City of Antioch, 2010 U.S. Dist. LEXIS 97845, at *12-16 (N.D.
    Cal. Sep. 2, 2010) ................................................................................25, 27

**OTHER AUTHORITIES**

14 CCR §§ 15321 ...................................................................................................22

California Code of Regulations § 12060 ...............................................................28

Government Code § 37350 ....................................................................................21

Government Code § 37351 ....................................................................................21

Government Code § 37380 ....................................................................................21

Government Code § 12920.....................................................................................29

Government Code § 12900.....................................................................................29

Government Code § 34000.....................................................................................21

Government Code § 65580.....................................................................................19

Government Code § 65583(h).................................................................................20

Orange Mun. Code § 2.16.010...............................................................................20

Orange Mun. Code § 2.16.020(E) ....................................................................20, 21

Orange Mun. Code § 3.08.095 .........................................................................20, 21

Orange Mun. Code § 17.04.027.............................................................................24

Orange Mun. Code § 17.13.040.............................................................................24

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1 | **RULES**

2 | Cal. Civ. Code § 52(a) ............................................................................25

3 | Code of Civil Procedure § 1085 ...........................................................20

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

## I.   __INTRODUCTION__

Plaintiffs' Opposition outright ignores this Court's prior rulings in this action, ignores numerous of the City's dispositive arguments (thereby conceding them), ignores the law that supports each of the City's arguments, and ignores the practical reality that the City simply terminated a fully-revocable license agreement to get back its own land, which the City had the absolute right to do.  Out of that simple act, along with completely vague, conclusory and insufficient (and untrue) allegations, Plaintiffs attack the City with no less than eleven separate claims ranging from unsupported accusations of the City intentionally wanting people to die, to violations of the Constitution, to CEQA environmental violations.

Instead of devoting its time and resources to serving its clients, Mary's Kitchen is attacking the City who has consistently supported the unhoused including through the License Agreement with Mary's Kitchen for over two decades and participation in the North SPA, the City who continued to support the unhoused while Mary's Kitchen's refusals to abide by the terms of the License Agreement and refusals to ensure a safe environment caused it to turn from a beneficial service provider to a detriment to its own clients and the community, which ultimately required that the City terminate the License Agreement, and the City who will continue to support the unhoused despite Mary's Kitchen's spiteful repeated refusals to work together one bit to try to develop a transition plan to greater benefit the unhoused when Mary's Kitchen vacates the property.

As explained in the Motion, all of Plaintiffs' claims fail as a matter of law. None of Plaintiffs' irrelevant or already-rejected arguments, nor any of their disingenuously-cited, inapposite cases[1], change the fact that all of Plaintiffs' claims

---

[1] See for example Plaintiffs' very first cited case, Hurd v. Hodge, 334 U.S. 24, 34-35 (1948), involving a covenant prohibiting the transfer of land to any Black person, which was so clearly an egregious violation of the Civil Rights Act and has no bearing on this action.  Or see Plaintiffs' second cited case, Int'l Longshoremen's and

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  fail and that the City's Motion should be granted in its entirety without leave to

2  amend.

3  **II.    PLAINTIFFS' THIRD CLAIM FOR STATE CREATED DANGER**

4  **FAILS**

5       Rather than state with particularity any specific, obvious, and known harm

6  that would befall any particular Plaintiff or client, Plaintiffs merely reiterate the

7  vague, speculative "dangers" that allegedly would result from Mary's Kitchen

8  needing to relocate: namely Covid and exposure to weather.  This is insufficient to

9  state a claim.  Plaintiffs citation to <u>Munger v. City of Glasgow Police Dep't</u>, 227

10  F.3d 1082, 1086-87 (9th Cir. 2000) illustrates exactly why their claim must fail here.

11       **A.    There Is No Obvious, Nonspeculative, Particularized Danger**

12       First, in <u>Munger</u>, there was an immediate, obvious and known danger at the

13  time of the alleged affirmative action by the government agents directed to a

14  particular individual – "the outside temperatures were subfreezing[, t]hey knew that

15  Munger was only wearing a t-shirt and jeans, was intoxicated, was prevented by the

16  officers from driving his truck or reentering [the bar], and was walking away from

17  the nearby open establishments." <u>Id.</u> at 1087.  It is obvious that the particular

18  situation was going to lead to specific injury or even death (hypothermia), to

19  Munger specifically, due to his immediate exposure to subfreezing temperatures.

20  Here, there is nothing obvious or particular that is going to happen to any specific

21  client of Mary's Kitchen, and Plaintiffs certainly fail to identify anything specific.

22  Plaintiffs do not and cannot point to any specific client and allege that that specific

23  client will definitely get Covid, or will definitely suffer from hypothermia, or

24  anything.  Plaintiffs do not and cannot know, because it is pure speculation

25  (especially since nothing has actually happened yet), and it is this lack of knowledge

26  _____

27  Warehousemen's Union, Local 32 v. Pac. Maritime Ass'n, 773 F.2d 1012, 1020-21

28  (9th Cir. 1985), dealing with labor relations and the supremacy doctrine, both of
   which have nothing to do with this action.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

1 and need to speculate that renders this claim meritless.

2     In fact, it is highly unlikely (and thus not obvious and known) that any

3 specific client will suffer any new danger that they were not already exposed to,

4 especially from some increased risk of Covid or death from exposure to weather,

5 from the termination of the License Agreement.  Plaintiffs completely ignore the

6 City's argument that it is illogical to believe that Mary's Kitchen somehow insulated

7 its clients from Covid.  If anything, Mary's Kitchen's services vastly increase the risk

8 of Covid to its clients.  Mary's Kitchen acts as a central hub where clients

9 congregate together as a large group during the day, but then each go separate ways

10 to congregate with other groups at night, and then repeat daily.  Having clients from

11 all over the County travel back and forth daily, after each has intermingled with

12 different groups of people, to spend significant time in close proximity together is a

13 recipe for spreading Covid.  Plaintiffs ignore this argument because there is no

14 counter-argument, and their allegation of "Covid" as the alleged danger created by

15 the City is nonsensical.

16     Plaintiffs also ignore the City's argument that Mary's Kitchen is not an

17 overnight shelter and is only open from morning to 3 p.m., Monday through

18 Saturday.  Any dangers that Mary's Kitchen's clients face outside of those hours are

19 completely irrelevant to this claim, as they would face such dangers regardless of

20 the termination of the License Agreement.  With respect to the alleged danger of

21 weather, Mary's Kitchen at most offers shade or a roof during the middle of the day,

22 but so do numerous other facilities, private or public, including libraries, parks,

23 public buildings, etc.  At the time of the termination of the License Agreement, the

24 City could not know of any obvious extreme weather that would obviously harm

25 any specific client of Mary's Kitchen, especially given the fact that Orange County

26 does not normally experience life-threatening weather events during the middle of

27 the day.  Certainly, the City was not "deliberately indifferent," i.e., the City did not

28 have a culpable intent to harm Mary's Kitchen's clients by exposing them to some

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  unknown life-threatening weather.  This is far from the situation in <u>Munger</u> where
2  the government agents were right there in the subfreezing temperatures at night
3  along with Munger when they forced him into the cold with only a t-shirt and jeans.

**B.  <u>The Availability Of Alternative Services Renders The Claim Invalid</u>**

6  Just three months ago, the Ninth Circuit clarified that "[a] crucial premise of
7  our findings of alleged deliberate indifference in <u>Hernandez</u>, <u>Munger</u>, and <u>Kennedy</u>
8  was that plaintiffs were left without protection. . . .  Deliberate indifference requires
9  more" and there is no requisite deliberate indifference when there are still
10 protections left.  <u>Herrera v. L.A. Unified Sch. Dist.</u>, 2021 U.S. App. LEXIS 35828,
11 at *18 (9th Cir. Dec. 1, 2021); <u>see also</u> <u>Morimoto v. Whitley</u>, 2018 U.S. Dist.
12 LEXIS 185339, at *16-17 (D. Nev. Oct. 30, 2018) ("There are no allegations in the
13 complaint that the county defendants engaged in acts that cut off other sources of aid
14 . . . .  There are no allegations that the county defendants prevented the [plaintiffs]
15 from reaching out to other sources of aid . . . .  Absent allegations that the []
16 defendants . . . increased the danger through affirmative acts that cut off other
17 sources of aid, this is not a viable theory of a state-created danger.") (cited in the
18 Motion and ignored by Plaintiffs).

19 As established above, the alleged "danger" is weather, but the only relevant
20 period is during the middle of the day from Monday through Saturday and the only
21 relevant protection from weather by Mary's Kitchen is shade and a roof during that
22 period.  There are numerous other protections throughout the City that offer the
23 same or more protections against weather, including private or public, including
24 libraries, parks, public buildings, etc.  The availability of these other protections
25 renders this claim invalid.

26 Furthermore, the City's additional argument in the Motion, which Plaintiffs
27 again simply ignore, (and which was discussed at length during the preliminary
28 injunction proceedings) is that "Mary's Kitchen intends to relocate and continue

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

offering its services.  Thus, the most likely outcome is that nothing significant changes for Mary's Kitchen's clients after termination of the License Agreement. They will carry on as usual, just in a different location."  In other words, there is no danger to Mary's Kitchen's clients from the termination.  There are still "other protections," namely the same exact protections in the same form of Mary's Kitchen, just at another property.  The City certainly had no reason to believe that Mary's Kitchen was not going to relocate.  Therefore, it was impossible for the City to have the requisite "deliberate indifference," i.e., a culpable intent to harm, when the City reasonably believed that no danger whatsoever would result to Mary's Kitchen's clients from the termination of the License Agreement.

## C.    <u>The Claim Is Improperly Based On Danger To A Broad Class</u>

Plaintiffs' First Amended Complaint describes a class of "[a]ll persons experiencing homelessness in the City of Orange" and "[a]ll disabled persons experiencing homelessness."  [See FAC ¶¶ 69-75]  Thus, Plaintiffs have judicially admitted that the alleged state-created danger generally affects a segment of the public, i.e., all homeless persons, which precludes application of the doctrine as a matter of law.  The doctrine is meant to apply to specific instances of conduct against a particular individual, not conduct with potential, speculative wide-spread effect.  Now, Plaintiffs ignore their own allegations.  When it is seemingly convenient to Plaintiffs, they assert that "The Complaint limits the class to those who rely upon Mary's Kitchen for essential services."  Apparently, Plaintiffs either believe that the entire segment of the population of "all homeless persons" relies on Mary's Kitchen, or Plaintiffs are purposefully mischaracterizing their pleadings to try to avoid dismissal.  Either way, the claim fails.

Plaintiffs argue that "Without any law to support its contention, the City asserts that because the harm Plaintiffs allege happens to many people – a 'segment of the public' – and not just one person, the City is somehow shielded from the state created danger doctrine."  Amazingly, in representing to this Court that the City was

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

"without any law," Plaintiffs seemingly literally ignore the City's citations to Dotson v. Funderburg, 2016 U.S. Dist. LEXIS 76139, at *13-15 (D. Idaho June 10, 2016) (citing Ketchum v. County of Alameda, 811 F.2d 1243 (9th Cir. 1987) and Martinez v. State of Cal., 444 U.S. 277 (1980)), Schmidt v. Hoover, 2009 U.S. Dist. LEXIS 37555, at *7-8 (N.D. Cal. 2009), Sinclair v. City of Seattle, 2021 U.S. Dist. LEXIS 210792, at *3-7 (W.D. Wash. Nov. 1, 2021), Bologna v. City & Cty. of S.F., 2009 U.S. Dist. LEXIS 69985, at *16-18 (N.D. Cal. Aug. 11, 2009), and Johnson v. City of Seattle, 474 F.3d 634, 639 (9th Cir. 2007).

By Plaintiffs' standards, the single case they cite, Navarro v. City of Mt. View, 2021 U.S. Dist. LEXIS 217101, *16 (N.D. Cal. 2021), is less than "without any law."  And in actuality, Navarro is essentially no law as it has no legal analysis as to this argument.  The court in Navarro acknowledges the city defendant's argument based on one case, Bologna, cites one sentence from Bologna without context or analysis, and then simply states one conclusory sentence that "given this permissive language, the Court does not find that the state-created danger doctrine cannot apply to Plaintiffs' proposed class."  Id.  Here, the City did not just cite a single case, and even if it had, Navarro has no persuasive analysis to contradict the law that Plaintiffs' attempts to state a claim based on alleged effect on "all homeless people," fails as a matter of law.

**D.   Plaintiffs Cannot Allege Deliberate Indifference And Dismissal Is Appropriate**

Plaintiffs ignore the City's arguments as to deliberate indifference; Plaintiffs merely argue that "This is a classic issue for a fact finder . . . ."  But this ignores the fact that Plaintiffs failed to even allege any facts to support deliberate indifference, and thus there is nothing to even go to a fact finder.  Indeed, Plaintiffs failure to even address the City's arguments is at least a tacit acknowledgement that they have no counter.  Plaintiffs ignore the City's argument that "conscience shocking" conduct is necessary, because simply terminating a fully-revocable license

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  agreement can in no way be conduct that shocks the conscience.  Plaintiffs also

2  ignore the City's argument that Plaintiffs' logic – that any increased risk is enough to

3  state a claim – is untenable, because it creates an impossible standard for any

4  government entity to be able to manage the provision of services to the public.

5      Furthermore, the City cited numerous cases dismissing (or upholding

6  dismissal of) the claim on a motion to dismiss for lack of deliberate indifference.

7  See e.g., Patel v. Kent Sch. Dist., 648 F.3d 965, 974 (9th Cir. 2011); Hernandez v.

8  City of San Jose, 897 F.3d 1125, 1135 (9th Cir. 2018); Estate of Amos v. City of

9  Page, 257 F.3d 1086, 1091-92 (9th Cir. 2001); Landin v. Visalia Unified Sch. Dist.,

10  2019 U.S. Dist. LEXIS 170603, at *9 (E.D. Cal. Sep. 30, 2019); Strain v. Bowyer,

11  2021 U.S. Dist. LEXIS 155117, at *4 (E.D. Cal. Aug. 16, 2021); Morimoto v.

12  Whitley, 2018 U.S. Dist. LEXIS 185339, at *16-17 (D. Nev. Oct. 30, 2018);

13  Cederberg v. Wash. Cty. Consol. Communs. Agency, 2019 U.S. Dist. LEXIS

14  112993, at *19-26 (D. Or. July 8, 2019).  Of course, Plaintiffs have ignored these

15  cases as well.  The Ninth Circuit and numerous district courts have repeatedly found

16  it appropriate to dismiss a state-created danger claim for the exact deficiencies as in

17  this action.

18  **III.   PLAINTIFFS' DUE PROCESS CLAIMS FAIL**

19      The many failings of Plaintiffs' due process claims have been litigated in the

20  preliminary injunction proceedings, where this Court ruled that "Mary's Kitchen has

21  no protected property interest in the revocable license" and that Plaintiffs "[do] not

22  have a likelihood of success on the merits of its procedural due process claim.

23  [Order at 15:14-19]  The same failings, and more, were argued in the City's Motion

24  to Dismiss.  Plaintiffs just ignore all of it.  Plaintiffs' Opposition makes no coherent

25  or relevant arguments as to their due process claim, which fails as a matter of law in

26  multiple respects.

27  **IV.   PLAINTIFFS' EQUAL PROTECTION CLAIMS FAIL**

28      Without any authority, Plaintiffs argue that "to express concern over the

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

4849-0978-3313.1

-13-

8:21-cv-01483-DOC (JDE)

1   increase in people with disabilities" is enough in itself to "violate the equal

2   protection clause."  Aside from the fact that the City did not "express concern" with

3   disabilities (the City's concern was always the increasing crime associated with

4   Mary's Kitchen and the drain on City resources), and aside from the fact that

5   "express concern" is completely vague and meaningless, the reason that Plaintiffs do

6   not cite any authority for this proposition is because it is patently ridiculous.

7   Essentially, Plaintiffs' argument is that if the City once said a single word about

8   disabled persons, no matter what that word was, then the City is forever precluded

9   from doing anything against Mary's Kitchen because of equal protection.  This is not

10  the law.  Furthermore, although not relevant to the legal analysis, Plaintiffs'

11  accusations against the City as somehow discriminatory towards disabled persons

12  using Mary's Kitchen's services is beyond disingenuous and a complete insult to the

13  many people at the City dedicated to helping the homeless, the disabled, and all of

14  the clients of Mary's Kitchen.  Among other things, the City has supported Mary's

15  Kitchen with free use of City land for decades, and has provided millions of dollars

16  since 2018 toward private and public partnerships to provide solutions to

17  homelessness and services, has been a leader in Orange County for its commitment

18  to supporting regional efforts to provide a continuum of care to those in need,

19  participates in the North Orange County Service Plan Area providing access for the

20  homeless to the Bridges in Kraemer Place in Anaheim, HomeAid Family Shelter in

21  Orange and Navigation Centers in Buena Park and Placentia, supports Be Well OC

22  in the City of Orange to provide immediate treatment and connection to resources,

23  has a dedicated "Homeless Engagement, Assistance, & Resource Team," and

24  provides access to low-income and affordable housing and access to the Salvation

25  Army detox and shelter program.

26       Plaintiffs argue that rational basis review does not apply and somehow that

27  Arlington Heights is the governing standard.  Plaintiffs are incorrect.  Arlington

28  Heights dealt with race-based discrimination and voting rights, however, the Ninth

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   Circuit confirmed in late 2021 that "[u]nlike race-based distinctions, which are

2   'inherently suspect and thus call for the most exacting judicial examination,' Bakke,

3   438 U.S. at 291, legal classifications based on disability are subject only to **rational**

4   **basis** review.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 442-43, 105

5   S. Ct. 3249, 87 L. Ed. 2d 313 (1985); Hibbs v. Dep't of Human Res., 273 F.3d 844,

6   855 (9th Cir. 2001)." Payan v. L.A. Cmty. Coll. Dist., 2021 U.S. App. LEXIS

7   25324, at *19 (9th Cir. Aug. 24, 2021).  The Tenth Circuit confirmed in 2020 that

8   "[u]nder Supreme Court precedent, claims of disability discrimination trigger

9   **rational-basis** review.  Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 367,

10   121 S. Ct. 955, 148 L. Ed. 2d 866 (2001)."  Marks v. Colo. Dep't of Corr., 976 F.3d

11   1087, 1098 (10th Cir. 2020).  Countless other courts in disability discrimination

12   decisions all more recent than anything Plaintiffs cite, confirm the exact same rule

13   of law – disability discrimination is subject only to rational basis review.  E.g.,

14   Bullington v. Bedford Cty., 905 F.3d 467, 477 (6th Cir. 2018) ("To establish a

15   violation of the Equal Protection Clause based on **disability discrimination**,

16   Plaintiff must show that there was no **rational basis** for the state action that treated

17   her differently because of her disability."); A.P. v. Cty. of Sacramento, 2017 U.S.

18   Dist. LEXIS 62769, at *17 (E.D. Cal. Apr. 25, 2017) ("because Plaintiffs do not

19   'negative any reasonably conceivable state of facts that could provide a **rational**

20   **basis** classification,' the Court grants Defendants' motion for summary judgment on

21   A.P.'s equal protection claim."); Owen v. City of Hemet, 2020 U.S. Dist. LEXIS

22   158738, at *18 (C.D. Cal. June 22, 2020); ("To state an Equal Protection claim,

23   Plaintiff must allege facts showing that she was intentionally treated differently

24   from others similarly situated and that there was no **rational basis** for the difference

25   in treatment."); Powell v. Basto, 2020 U.S. Dist. LEXIS 78123, at *15 (S.D. Cal.

26   May 4, 2020) (same).

27         Plaintiffs ignore the context of this action.  Plaintiffs mistakenly rely on

28   inapposite cases dealing with broadly-applicable ordinances, zoning or other laws

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

that affect everyone, which requires that rationality be measured in terms of the purpose of such broadly-applicable laws.  Here, the conduct is a simple termination of one License Agreement, it is not some law governing the public's conduct in perpetuity, it is a single contractual action.  One rational basis (and only one is even necessary) for terminating the License Agreement (among the many rational bases that the City has) is that the City wants its property back.  The rationality of one wanting to use one's own property is beyond dispute.  This alone renders this claim invalid.  Plaintiffs mistakenly accuse the City of "pretextual [defenses] to cover its discriminatory motives" but that does not matter at all.  As a matter of law, it does not matter whether the City ever expressed such rationale, or whether there was pretext, or even if the City never had any actual rationale in the first place (which it did) – in order to survive dismissal, Plaintiffs must conclusively disprove that every reasonable rationale that might exist was not "plausible."  See e.g., Box v. Planned Parenthood of Ind. & Ky., Inc., 139 S. Ct. 1780, 1782 (2019); Gregory v. Ashcroft, 501 U.S. 452, 471 (1991); Heller v. Doe, 509 U.S. 312, 320 (1993); Lewis v. City of Fairfield, 2020 U.S. Dist. LEXIS 107236, *9 (E.D. Cal. June 18, 2020).  That is what deferential rational basis review means – most claims against such review must fail because the standard is so high.

Plaintiffs argue that factual issues preclude dismissal, but again, Plaintiffs ignore the City's cited cases that involve dismissal (or upholding of dismissal) of equal protection claims due to a failure by the plaintiff to overcome rational basis review, as Plaintiffs have failed to do here.  See e.g., Nails v. Haid, 2013 U.S. Dist. LEXIS 133008, at *9-10 (C.D. Cal. Sep. 17, 2013) (granting motion to dismiss equal protection); Sanchez v. City of Fresno, 914 F.Supp.2d 1079, 1112 (E.D. Cal. 2012) (same); Jones v. Matsumoto, 2011 U.S. Dist. LEXIS 94882, at *11 (C.D. Cal. Aug. 23, 2011) (same).  More importantly, Plaintiffs have no facts and no allegations that would preclude dismissal – the undisputed facts that require dismissal are that the City terminated the License Agreement and such termination

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  allows the City to regain the use of its own land.

2  Further, among the various rational reasons that the City terminated the

3  License Agreement are those alleged in the First Amended Complaint, including the

4  City's reasons "that Mary's Kitchen enables homelessness and so cannot be

5  supported by the City," and that there has been "a purported increase in crime . . . ."

6  [FAC ¶ 32]  In order to negate such reasons, Plaintiffs would have to prove that

7  Mary's Kitchen cannot plausibly be responsible for enabling homelessness and that

8  it cannot plausibly be associated with higher crime rates.  But it has not and cannot

9  do that because crimes have been higher around and because of Mary's Kitchen, and

10  at least theoretically, Mary's Kitchen providing free services without addressing the

11  underlying causes of homelessness has at least the potential to disincentivize the

12  change of circumstances for the people who are suffering the homelessness.

13  Plaintiffs attempt to accuse the City of treating homeless people like a "moral

14  pestilence," but the City never did so.  Nothing in the City's words or actions would

15  lead a reasonable person to make that conclusion.  To be clear, the City's concern

16  that Mary's Kitchen was "enabling homelessness" was not some expression of fear

17  about homeless people.  Homelessness is a public health and social crisis, and the

18  individuals who are experiencing it are the ones who are suffering.  It is the policy

19  of the City to help unhoused persons improve their standard of living and provide

20  long-term solutions to end homelessness, just as it should be every homeless service

21  provider's goal (although, inexplicably it is not Mary's Kitchen's goal).  It is not the

22  people that the City is trying to prevent, it is the homelessness itself – the City is

23  trying to help the people.  Therefore, no longer supporting a provider that enables

24  homelessness itself is perfectly rational and cannot be a violation of equal

25  protection.

26  **V.  PLAINTIFFS' "UNCONSTITUTIONAL CONDITIONS 42 U.S.C. §**

27  **1983 DUE PROCESS AND EQUAL PROTECTION" CLAIM FAILS**

28  The City made two arguments: 1) without an underlying constitutional claim

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆ FAX 949-377-3110

1    (because Plaintiffs' due process and equal protection claims fail), this

2    "unconstitutional conditions" claim necessarily fails (See e.g., Hotop v. City of San

3    Jose, 982 F.3d 710, 718-19 (9th Cir. 2020)); and 2) any conditions placed upon

4    Mary's Kitchen – to keep the City's property safe and clean – are completely

5    rationally related to the benefit of using the City's property, which negates this claim

6    as a matter of law (See e.g., Bingham v. Holder, 637 F.3d 1040, 1045-46 (9th Cir.

7    2011)).  To be clear, the Bingham court allowed a condition of "wavier of

8    constitutional due process."  Id.  Therefore, even if the condition being imposed

9    would not be normally constitutionally-allowed, the fact that it is a condition put on

10   a benefit that is rationally related to that benefit justifies the condition and negates

11   any "unconstitutional condition" claims.  Id.

12         Plaintiffs ignore both arguments and do not dispute that they apply.  Nor do

13   Plaintiffs attempt to dispute that if their due process and equal protection claims fail

14   that this "unconstitutional conditions" claim also fails.  Nor do Plaintiffs attempt to

15   dispute that the conditions were rationally related.  Therefore, Plaintiffs have

16   conceded that this claim fails as a matter of law.

17         It is also quite telling that Plaintiffs are attacking conditions that have existed

18   in the License Agreement itself for years, but only now attacking them after

19   termination (which has nothing to do with the conditions).  Even if the conditions of

20   keeping the property safe and clean, which were imposed in the beginning in

21   exchange for Plaintiffs being allowed to use the property, were "unconstitutional

22   conditions," Plaintiffs were subject to them for years (if not decades) without

23   actually doing anything about it.  The statute of limitations is long past.  In reality,

24   Plaintiffs do not care about such conditions when they were allowed to use the

25   property (they even allege that they tried to do their best to comply), but only now

26   when it is convenient they have attempted to exploit the existence of these

27   conditions to try to delay the City's rightful termination of the fully-revocable

28   License Agreement.  This is not what the "unconstitutional conditions" doctrine

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   allows, and Plaintiffs' claim fails as a matter of law.

2   **VI.    PLAINTIFFS' SHELTER/SB2/HOUSING ELEMENT CLAIM FAILS**

3          Plaintiffs attempt to argue that because they, personally, were not able to find

4   a suitable property to set up a shelter in the City's designated shelter zone, that

5   somehow the City is not in compliance with SB2, i.e. Government Code §§ 65580,

6   *et seq.*  Plaintiffs' logic is nonsensical.  The likely reason that Plaintiffs could not

7   find any property-owner that would lease to them specifically, is because they have

8   demonstrated by their actions here that they are vindictive, unreasonable,

9   disingenuous, and will sue a property owner with frivolous claims after having free

10  use of the property for over two decades just because the property owner wants its

11  property back.  It is certainly no wonder why no one would want to work with

12  Mary's Kitchen.  But, of course, the SB2 law is not designed to cater to Mary's

13  Kitchen.  Even if the City designated every inch of land in the City as SB2 shelter

14  zones, Mary's Kitchen would still likely not find a willing property owner to work

15  with it.  But by Plaintiffs' logic, the City would still be in violation of SB2 for not

16  designating enough land for shelters (even though 100% of the land is so-designated

17  in this hypothetical).  Obviously, this is not how the law works.

18         Without any support and completely ignoring the City's argument that it is

19  fundamental that a property owner is not forced to allow a stranger to just take over

20  its property for that stranger's own purpose, Plaintiffs still argue in conclusory

21  fashion that "Plaintiff should have been allowed to provide overnight shelter beds by

22  right, subject only to limits on the same conditions applied to other properties in the

23  SB2 zone."  Plaintiffs' sense of entitlement is staggering.  It is not their property.

24  Yet they argue that the property owner must let Plaintiffs do whatever they want

25  with, again, not their property.  Plaintiffs' unabashed doubling-down on their

26  nonsensical position just reveals the complete frivolousness of their entire action.

27         With respect to the statute of limitations, Plaintiffs make the bizarre and self-

28  defeating argument that "no action here started the statute of limitations . . . ."

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ★FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   Statutes of limitations begin to run when a claim accrues.  If there is no running of
2   the statute of limitations, then no claim has accrued.  If no claim has accrued, then
3   Plaintiffs have no claim.  It seems that Plaintiffs' own vague allegations have
4   confused even themselves – they do not even know what action they are trying to
5   sue over or when any such action happened, if it even did.

6          Regardless, Plaintiffs fail to dispute, and thus concede, that Government Code
7   §§ 65583(h), 65587(b) and (d)(2) require any action regarding the City's Housing
8   Element or SB2 to be brought as a state court petition for writ of mandate under
9   Code of Civil Procedure § 1085 with a 90-day statute of limitations.  No matter what
10  action Plaintiffs are attempting to sue over, it necessarily happened before they filed
11  this lawsuit (otherwise they could not have filed the lawsuit making such claim in
12  the first place), which was over 90 days ago.  They failed to file the appropriate writ
13  of mandate in state court and it is necessarily too late to do so now.

## VII.   <u>PLAINTIFFS' ULTRA VIRES CLAIMS ARE INCORRECT</u>

15         The many failings of Plaintiffs' ultra vires claims have been litigated in the
16  preliminary injunction proceedings, where this Court ruled that "[a]lthough no
17  public City Council meeting was held prior to the termination, none was required by
18  the Orange Municipal Code.  Under the City of Orange's Municipal Code, the City
19  Manager is the 'Administrative Head of the government of the City under the
20  direction and control of the City Council.'  Orange Mun. Code § 2.16.010.  The
21  Municipal Code further grants the City Manager the power to ensure that 'all . . .
22  contracts [and] permits . . . granted by the City are faithfully observed.'  *Id.* §
23  2.16.020(E).  The Code requires all contracts to obtain the prior approval of the City
24  Council, '[u]nless another officer is authorized to do so under this chapter or any
25  other provision of this code.'  *Id.* § 3.08.095. . . .  Here, the City Manager was
26  granted authorization through his general administrative power over all contracts. . .
27  . [T]he Municipal Code did not obligate the Council to hold a meeting about the
28  termination."  [Order at 16:15-17:9; see also Orange Municipal Code §§ 2.16.010,

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

2.16.020, and 3.08.095 attached as Exhibit "3" to the RJN]  The same failings, and more, were argued in the City's Motion to Dismiss.  Plaintiffs just ignore all of it.

Plaintiffs had no legitimate arguments before, and not having any now, they mischaracterize and misrepresent various irrelevant statutes and cases.  For example, Plaintiffs cite Government Code §§ 34000, 37350-37351, and 37380 for the proposition that "the power to enter and terminate contracts and leases related to City property is not in the City Manager's enumerated duties or powers, and in fact is restricted by state law."  To the contrary, these Government Code Sections are as basic and benign as they come, merely establishing that a city can own or lease property.  They say nothing about the City Manager's duties or powers or restrictions thereto.  Nor do they say anything about disposing of property or terminating license agreements.  Then Plaintiffs cite a case that only states that an unsigned city contract was invalid.  See S. Bay Senior Hous. Corp. v. City of Hawthorne, 56 Cal.App.4th 1231, 1235-36 (1997).  What the court does hold is that a city council approval of the contract was not sufficient without the proper city official action on the contract.  Id. at 1234, 1235-36.  Here, Plaintiffs have been arguing that the City Council approval was needed to terminate the License Agreement, but Plaintiffs' own cited case contradicts their own argument.

Plaintiffs do nothing other than improperly conflate, such as trying to impose rules about entering into a contract with rules about termination of a contract, and improperly mischaracterize irrelevant authorities.  Plaintiffs have no legitimate argument or authority to overcome the fact that the City Manager, as administrative head of the City with general administrative power over all contracts, properly exercised his role to issue the termination of the License Agreement.

## VIII.  PLAINTIFFS' CEQA CLAIMS FAIL

The City, in its Motion, detailed several different reasons why a CEQA claim is inapplicable as a matter of law to the matter at hand.  All that Plaintiffs offer in their Opposition is that "[a]t this stage, the Court must take the allegations in the

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

1   FAC as true.  The FAC alleges the action is a discretionary action is a CEQA

2   'project' that is not exempt from review."  [Opposition at 13:13-15]  This hollow,

3   conclusory argument, without actually responding to the City's arguments, cements

4   the fact that this claim is a pretextual delay tactic.  Plaintiffs assert that just because

5   they make the conclusory allegation in their First Amended Complaint that the

6   City's termination of the License Agreement constitutes a project subject to CEQA

7   review, that such conclusory allegation must be taken as true for purposes of a

8   Motion to Dismiss.  But that is not the case and if it were sufficient merely to make

9   a conclusory legal statement in a complaint, then no motion to dismiss would ever

10  be granted.  Clearly, this Court need not give any credence to mere baseless legal

11  conclusions in the First Amended Complaint.

12       The City has supplied robust arguments against the applicability of CEQA,

13  which Plaintiffs have failed to respond to in a meaningful way.  Not least of which

14  is 14 CCR §§ 15321, which categorically exempts from CEQA "Enforcement

15  Actions by Regulatory Agencies," which includes "The adoption of an

16  administrative decision or order enforcing or revoking the lease, permit, license,

17  certificate for use or enforcing the general rule, standard, or objective."  This alone

18  makes it clear that CEQA does not apply to the City's administrative decision to

19  revoke the License Agreement.

20       Further, the parties have submitted separate briefing on the CEQA

21  applicability to this action, which further supports dismissal of the CEQA claim,

22  which the City incorporates by reference herein.

23  **IX.**   **PLAINTIFFS' ADA CLAIMS FAIL**

24       **A.**   **Plaintiffs Fail To Adequately Allege Disability**

25       In the face of the City's eight cited cases that establish that merely saying

26  "mental illness" or "disabled" are woefully inadequate to plead an ADA claim or

27  survive dismissal, Plaintiffs again ignore and just reiterate "mental illness" and

28  "disability" without any facts.  [Opposition at 22:20-23]  They concede that their

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   allegations are insufficient and thus, that their claim fails.

2        For the first time, Plaintiffs argue "regarded as" disability status.  However,

3   the First Amended Complaint does not mention any "regarded as" claim, nor does it

4   include any facts that would support "regarded as" qualification.  This alone

5   warrants dismissal.  <u>Stuart v. Vilsack</u>, 2016 U.S. Dist. LEXIS 162778, at *12-13

6   (E.D. Wash. Nov. 23, 2016) ("Nowhere does she assert a "regarded as" claim.

7   Stuart must provide sufficient factual allegations in her FAC to support a "regarded

8   as" claim. . . .  [T]he factual allegations made in the FAC do not seek to establish

9   this claim. . . .  While Stuart had the option to claim her disability in one of three

10  ways, or assert claims in the alternative, the FAC only asserts one: that she is

11  disabled . . . .  As such, the factual allegations in Stuart's FAC do not put Defendant

12  on notice that she would be pursuing a "regarded as" claim of disability.  Thus, the

13  "regarded as" claim is not properly pleaded and is dismissed.").

14       Further, "[t]he courts require 'that a plaintiff alleging a 'regarded as' claim

15  provide evidence of the employer's 'misperception,' or subjective belief that the

16  plaintiff is substantially impaired."  <u>See</u> <u>Marrazzo v. Leavitt</u>, 719 F.Supp.2d 1297,

17  1309-10 (D. Or. 2010).  There are no allegations and no facts that the City

18  subjectively believed any particular client of Mary's Kitchen was disabled.  The only

19  statement that Plaintiffs point to is "change in clientele over the past few years."

20  But this vague statement does not mean disabled.  Nor does it make sense to

21  interpret it that way.  According to Plaintiffs, their clientele over twenty years

22  always consisted of persons that they allege were "disabled."  The City never

23  terminated the License Agreement over two decades of Plaintiffs serving so-called

24  "disabled" persons.  It does not make sense that a "change in clientele" refers to

25  "disabled," if Plaintiffs' clientele was always "disabled."  As this Court is aware

26  from the preliminary injunction evidence, what "change in clientele" meant was

27  persons increasingly committing crimes in the area – it has nothing to do with

28  disability.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

### B.     The Termination Of The License Agreement Was Not Solely Because Of Disability

Amazingly, but not surprisingly, Plaintiffs ignore the City's argument about "solely because of disability."  Plaintiffs do not dispute that the law requires that disability be the sole reason for the alleged violative conduct.  Nor do they dispute that the City had legitimate reasons to terminate the License Agreement.  Nor could they.  Obviously, the City wanting its property back is a legitimate reason.  That alone disqualifies this ADA claim even if disability was a reason (which it was not).

### X.     PLAINTIFFS' LOITERING CLAIMS FAIL

Plaintiffs' loitering claim, trying to invalidate a City Municipal Code Section that they are not subject to, have no standing to complain about, and which has nothing to do with the termination of the License Agreement, is a complete distraction.  The City's Municipal Code § 17.13.040, governs "homeless shelters," which Mary's Kitchen is not – it does not provide "immediate and short-term overnight sleeping accommodations."  [Orange Municipal Code §§ 17.04.027 and 17.13.040 attached as Exhibit "6" to the RJN]  There was no "enforcement" of this code section against Mary's Kitchen because it is not a shelter.  The allegations at most are that the City told someone to "move along" once.  Plaintiffs have no standing to challenge this Ordinance as unconstitutional.

This case is not about the City telling someone to "move along" once.  This case is about the termination of the License Agreement.  If Plaintiffs really cared to bring a lawsuit over being told to "move along" once, that lawsuit needs to be brought separately.  It has no place in this action that seeks an injunction against termination of a License Agreement.  Even if Plaintiffs could prove any loitering ordinance was invalid, or that the City was wrong in telling someone to "move along," (which they cannot), it has no bearing on the termination of the License Agreement.  Mary's Kitchen does not get to take over the City's land indefinitely just because one City employee might have told someone, somewhere at some time to

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   "move along."

2 **XI.**   **MARY'S KITCHEN'S CIVIL CODE § 52.1 CLAIM FAILS**

3       The City's first argument was that Mary's Kitchen itself has no Bane Act

4 claim.  "Section 52.1 does not provide any substantive protections; instead, it

5 enables individuals to sue for damages as a result of constitutional violations."

6 Meyers v. City of Fresno, 2011 U.S. Dist. LEXIS 31209, at *16-18 (E.D. Cal.

7 2011).  The City wanting Mary's Kitchen to maintain the City's property in a safe

8 and clean manner is not a constitutional violation.  As shown above, all of Plaintiffs'

9 constitutional challenges fail as a matter of law.  When there is no constitutional

10 violation, which there are not here, then there can be no Bane Act claim.

11       Again, Plaintiffs focus on the loitering municipal code section, which was not

12 being enforced here and which Plaintiffs do not have standing to challenge.  Mary's

13 Kitchen, an entity, cannot loiter.  There was no constitutional violation against

14 Mary's Kitchen.  Even if loitering was an issue, it is not related to the termination of

15 the License Agreement.

16 **XII.**   **PLAINTIFFS' CIVIL CODE § 52.1 CLAIM IS BARRED**

17       Plaintiffs contradict their own judicial admissions in their First Amended

18 Complaint, by now arguing that their Bane Act claim seeks injunctive relief and not

19 monetary relief.  This exact argument was rejected in Williams v. City of Antioch,

20 2010 U.S. Dist. LEXIS 97845, at *12-16 (N.D. Cal. Sep. 2, 2010), as follows:

21       Plaintiffs seek only statutory damages in connection with their Bane Act

22       claim, pursuant to Cal. Civ. Code § 52(a).  Notwithstanding, Plaintiffs

23       assert that the claim presentation requirement does not apply to their

24       Bane Act claim because the primary purpose of this action is to obtain

25       injunctive and declaratory relief against Defendant's discriminatory

26       policies.

27       In that regard, Lozada v. City and County of San Francisco, 145

28       Cal.App.4th 1139 (2006) is instructive.  There, the plaintiff, a peace

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

officer, brought claims against his employer the City and County of San Francisco in connection with its investigations into the plaintiff's discharge of his weapon. The plaintiff alleged violations of his constitutional rights under Section 1983, violations of the California Fair Employment and Housing Act, and violations of the Public Safety Officers' Procedural Bill of Rights Act ("POBRA"). Id. at 1148. With his POBRA claim, the plaintiff sought injunctive relief, back pay, general damages, civil penalties provided for in the statute, punitive damages, and prejudgment interest. Id. at 1149, 1164. The trial court granted the defendant's summary judgment motion with respect to the plaintiff's POBRA claim, on the ground that the plaintiff had failed to comply with the notice requirements of the Government Tort Claims Act. On appeal, the plaintiff argued that the notice requirements did not apply because he sought injunctive relief in connection with this POBRA claim, and that his claim for damages was "incidental" to the primary injunctive relief sought. Id. at 1147. The appeals court rejected that argument, explaining "[w]hile there appears to be a split of authority over whether money damages that may be 'incidental' to a claim for equitable relief are subject to the claim filing requirement of the Government Claims Act, we are aware of no case that holds that civil penalties of the type sought here ($25,000 per incident) and actual damages that are the primary relief sought and not merely 'incidental' to injunctive or other extraordinary relief, do not constitute a claim for 'money or damages' in the first instance." Id. at 1163-1164.

That same rational applies here to Plaintiffs' Bane Act claim with even greater force. Again, the sole remedy Plaintiffs seek with their Bane Act claim is damages . . . . Plaintiffs have cited no authority finding such a damage amount to be "ancillary" or "incidental." Instead, Plaintiffs

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

1   attempt to shift the focus away from that significant damage amount by

2   asserting that the primary purpose of this action, <u>as a whole</u>, is to

3   obtain injunctive and declaratory relief.  The primary cases that Plaintiffs

4   rely on as finding damage claims incidental to an action seeking

5   primarily injunctive relief . . . are not instructive, as they fail to indicate

6   the amount of damages sought by plaintiffs in those actions.  Nor do

7   those cases provide any guidance as to what should be considered

8   "ancillary" or "incidental" damages.

9   Accordingly, this Court finds that Plaintiffs' Bane Act claim is subject to

10   the claim presentation requirement of the Government Tort Claims Act.

11   <u>Williams v. City of Antioch</u>, 2010 U.S. Dist. LEXIS 97845, at *12-16 (N.D. Cal.

12   Sep. 2, 2010).

13   Likewise, here, Plaintiffs seek monetary relief in their First Amended

14   Complaint under their Bane Act claim, stating: "Defendant's actions are the

15   proximate cause of the harm suffered by the Plaintiffs, who are entitled to

16   **compensation** for their pain and suffering."  [FAC ¶ 151]  Further, the only Prayers

17   for injunctive relief are against termination of the License Agreement (not against

18   any loitering ordinance, which is what Plaintiffs argue their Bane Act is aimed at),

19   and injunction against SB2 conduct (also not related to the Bane Act).  [See Prayer

20   ¶¶ 2, 4, 7 and 8]  In fact, the only reference to Section 52.1 in the Prayer involves

21   "costs of suit and attorney fees."  [Prayer ¶ 10]  Plaintiffs were seeking monetary

22   relief in association with their Bane Act claim, as alleged and judicially admitted.

23   This renders the claim as a whole (regardless of whether Plaintiffs also seek

24   injunctive relief) subject to the Government Tort Claims Act.  <u>See</u> <u>id.</u>  There is no

25   dispute that Plaintiffs failed to abide by the Claims Act, and thus their Bane Act

26   claim is barred.

27   **XIII.  <u>PLAINTIFFS' DISPARATE IMPACT ELEVENTH CLAIM FAILS</u>**

28   As an initial matter, Plaintiffs are confused about disparate impact and

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

1   disparate treatment.  The claim as pleaded in the First Amended Complaint only

2   involves disparate impact.  [See FAC ¶¶ 172-176]  The claim is for "violation of

3   California Code of Regulations § 12060," which only deals with disparate impact

4   and expressly states that it is an alternative claim to a disparate treatment claim –

5   "The Act imposes liability for practices that are not motivated by discriminatory

6   intent," in other words, disparate treatment, i.e., "intentional discrimination."  See

7   California Code of Regulations § 12060(a).  Plaintiffs reliance on disparate

8   treatment cases or standards are completely irrelevant – it is an entirely different

9   analysis and not alleged in the First Amended Complaint.

10          The City's first argument as to this disparate impact claim in the Motion was

11   that "A 'particular decision,' including termination of a single license agreement, that

12   only affects 'one group or class of persons' cannot support a disparate impact claim.

13   See Pottenger v. Potlatch Corp., 329 F.3d 740, 750 (9th Cir. 2003); Bryant Woods

14   Inn v. Howard County, 911 F.Supp. 918, 939 (D. Md. 1996)."  Plaintiffs again

15   ignore this and only argue that "[D]isparate-impact claims are cognizable under the

16   ADA."  [Opposition at 34:12-13]  That does not address the argument.  Here,

17   Plaintiffs' disparate impact claim is focused on the specific decision of the

18   termination of the License Agreement, not on any widespread impact from some

19   generally-applicable policy.  Plaintiffs fail to dispute this fatal fact, nor could they as

20   they already judicially admitted that the basis of this claim was "terminating the use

21   of the facility . . . ."  [FAC ¶ 173]  This one distinct act of terminating the License

22   Agreement is an improper basis for any disparate impact claims, which is only

23   appropriate for widespread, continuous policies.  Therefore, the claim lacks any

24   proper basis and fails.

25          The City's second argument in the Motion was "in order to support a claim for

26   disparate impact, Plaintiffs must show through evidence, statistical or otherwise,

27   that the termination of the License Agreement has had a 'significantly'

28   disproportionate and adverse impact on a protected class as compared to a non-

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

protected class.  See Budnick v. Town of Carefree, 518 F.3d 1109, 1118 (9th Cir. 2008)."  First, the Government Code Sections that Plaintiffs' disparate impact claim is premised on, only applies to certain protected classes: "on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status."  Government Code § 12920.  Presumably (although not clear from the allegations), Plaintiffs are attempting to rely on the "physical disability" or "mental disability" class.  But there are no facts alleged to distinguish which of Mary's Kitchen's clients are part of which class and which are not, and which are not disabled at all.  To the contrary, Plaintiffs allege that the termination of the License Agreement will have the same effects on all of its clients, disabled or not, in that they will now need to get services elsewhere.  But the same exact effect on both a protected class and a non-protected class is not "disparate," or "disproportionate."  Therefore, it is not a cognizable disparate impact claim.

More fundamentally, the Government Code Sections that Plaintiffs base their claim on simply do not apply, and Plaintiffs do not have standing thereunder.  Government Code §§ 12900, *et seq.*, the "California Fair Employment and Housing Act," apply to employment (§§ 12940-12953) and housing (§§ 12980-12989.3), which Mary's Kitchen is neither for its clients.  Plaintiffs entire claim, premised on an inapplicable Act, fails as a matter of law.

## XIV. PLAINTIFFS' OPPOSITION TO THE REQUEST FOR JUDICIAL NOTICE FAILS

Plaintiffs oppose the judicial notice of the Order on the Preliminary Injunction, the License Agreement, and public records.

Plaintiffs ask this Court to refrain from judicially noticing the Order on the Preliminary Injunction based on an incorrect characterization of the purpose of the request in the first place as to aid in some sort of factual dispute.  The City's request

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  to have the Order judicially noticed was to avoid circuitous and wasteful repetition

2  of legal argument, not to establish any disputed fact.

3       Likewise, for the License Agreement, the request to judicially notice it, which

4  is permissible under Ninth Circuit law, see e.g., Parrino v. FHP, Inc., 146 F.3d 699,

5  705-06 (9th Cir. 1998), as amended (July 28, 1998) (quoting Branch v. Tunnell, 14

6  F.3d 449, 454 (9th Cir.1994), was for the purpose of allowing the Court to make

7  legal determinations of the interpretation of the undisputed terms.  There is no

8  disputed fact – everyone agrees that the License Agreement says what it says.

9  Plaintiffs may dispute what the legal interpretation should be, but that is a legal

10  argument, not a dispute about what the words actually are.

11       For the public records, they are certainly subject to judicial notice.  Lee v.

12  City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that judicial notice

13  may be taken of public records); Newcomb v. Brennan, 558 F.2d 825, 829 (7th Cir.

14  1977), cert. denied, 434 U.S. 968 (1977) (holding that "matters of public record,"

15  including official municipal enactments, "fall within the category of 'common

16  knowledge' and are therefore proper subjects for judicial notice").  Municipal codes

17  are proper subjects for judicial notice because they constitute matters of public

18  record that are not subject to reasonable dispute.  Tollis, Inc. v. County of San

19  Diego, 505 F.3d 935, 938 n.1 (9th Cir. 2007); Engine Mfrs. Ass'n v. South Coast Air

20  Quality Mgmt. Dist., 498 F.3d 1031, 1039 n.2 (9th Cir. 2007).  Again, Plaintiffs

21  have not raised any factual dispute about the public records.  They only make

22  arguments about the legal significance of the records.  But legal arguments are

23  completely proper for this Motion, and already addressed in the Motion pleadings.

## XV.  CONCLUSION

25       Based on the foregoing, the City respectfully requests that this Court grant its

26  Motion to Dismiss in its entirety without leave to amend.

27

28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

1    DATED:  February 28, 2022          EVERETT DOREY LLP

2

3

4    By: _____

5         Seymour B. Everett, III
          Samantha E. Dorey
6         Christopher D. Lee
          Attorneys for Defendant CITY OF
7         ORANGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4883-0978-3313.1

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

File No. 1052-03

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ★FAX 949-377-3110

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

### Mary's Kitchen v. City of Orange
### Case No. 8:21-CV-01483-DOC (JDE)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 18300 Von Karman Avenue, Suite 900, Irvine, CA 92612.

On February 28, 2022, I served true copies of the following document(s) described as:

**DEFENDANT CITY OF ORANGE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 28, 2022, at Irvine, California.

_____
/s/ Kristal N. Mauro
Kristal N. Mauro

File No. 1052-03

**SERVICE LIST**
**Mary's Kitchen v. City of Orange**
**Case No. 8:21-CV-01483-DOC (JDE)**

Brooke Weitzman                           *Attorney for Plaintiffs*
Benjamin Davis
Elder Law and Disability Rights Center
1535 E 17th Street, Suite 110
Santa Ana, CA 92705
Phone: 714-617-5353
bweitzman@eldrcenter.org
bdavis@eldrcenter.org

Carol A. Sobel
Law Office of Carol Sobel
1158 26th Street, #552
Santa Monica, CA 90403
Phone: 310-393-3055
carolsobellaw@gmail.com

John P. Given
2309 Santa Monica Boulevard, #438
Santa Monica, CA  90404
Phone: 310 471-8485
john@johngivenlaw.com

Paul Hoffman
John Washington
9415 Culver Blvd., #115
Culver City, CA 90232
Phone: 310-396-0731
hoffpaul@aol.com

Paul Nicholas Boylan, Esq.
POB 719
Davis, CA  95617
Tel:   530 400 1653
Fax:  877 400 1693
Email:  PNBoylan@gmail.com

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110